[No. 18259.  Department One.  December 28, 1923.]

J. C. OLIPHANT, *Respondent*, v. T. H. GILHAM, *Appellant*.[1]

APPEAL (267)—RECORD—STATEMENT OF FACTS—EVIDENCE. Error in the rejection of evidence cannot be reviewed in the absence of a bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for King county, Davidson, J., entered April 30, 1923, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*Lot Davis* and *Tom Alderson*, for appellant.

*Wingate & Benz*, for respondent.

PARKER, J.—The plaintiff, Oliphant, seeks recovery from the defendant, Gilham, for an alleged agreed

[1]Reported in 221 Pac. 298.

compensation for services rendered. The cause proceeded to trial in the superior court for King county upon Oliphant's complaint, Gilham's answer and cross-complaint, and Oliphant's answer to Gilham's cross-complaint, resulting in findings and judgment awarding to Oliphant judgment as prayed for, from which Gilham has appealed to this court.

The findings support the judgment. Indeed, we are unable to see in the brief of counsel for Gilham any serious contention to the contrary. It is, however, contended by counsel for Gilham that the trial court erred to his prejudice in rejecting evidence claimed to have been tendered upon the trial in his behalf in support of his cross-complaint. We do not have in the record before us any bill of exceptions or statement of facts certified by the trial judge, hence are wholly unadvised as to what occurred upon the trial of the case, or as to what this claimed tender of evidence was. Nor was there any demurrer to Gilham's cross-complaint furnishing the trial court opportunity to rule upon its sufficiency and to evidence such ruling by proper order entered of record apart from a bill of exceptions or statement of facts. The record before us being in this condition, manifestly we are wholly unable to determine whether or not the trial court erred in the rejection of the evidence claimed by Gilham's counsel to have been tendered in his behalf upon the trial. Our disposition of the cause must, therefore, be controlled by the presumption that there was no error committed in the trial of the cause, or in its final disposition by the trial court.

The judgment is affirmed. There were other parties defendant against whom the judgment was also rendered who are, of course, equally bound by it. We have referred to Gilham as though he were the only de-

fendant and appellant merely for convenience of expression.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.